United States District Court
Southern District of Texas
**ENTERED**
June 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIVIAN LEE ELLISON, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-1806 |
| | § | |
| REGINALD HUDNALL, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the Court is Defendant Reginald Hudnall ("Hudnall") and KLLM Transport Services, LLC's ("KLLM Transport Services") (collectively, "Defendants") Motion for Summary Judgment (Doc. No. 19). Plaintiff Vivian Lee Ellison ("Plaintiff" or "Ellison") has not responded to the motion. Having considered the briefings and applicable law, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment.

### I.     Factual & Procedural Background

This case arises from an alleged motor vehicle accident that took place on January 20, 2021 in Sealy, Texas. Plaintiff originally filed suit in the 55th Judicial District of Harris County. (*See* Doc. No. 1). According to Plaintiff's original petition, she was traveling eastbound on Interstate Highway 10 in the right lane when Hudnall, who was driving a truck owned by KLLM Transport Services, negligently "failed to keep a proper lookout and collided with the side of Plaintiff's vehicle" and suffered "extensive and permanent injuries" as a result of Defendants' actions. (*Id.*). Plaintiff brings negligence and negligence per se causes of action against both Defendants and alleges KLLM Transport Services is vicariously liable under the doctrine of *respondeat superior* for Hudnall's negligent acts. (*Id.* at 4).

In its Motion for Summary Judgment, Defendants argue that Plaintiff lacks summary judgment evidence that: (1) Hudnall was negligent or even involved in the alleged motor vehicle accident; and (2) KLLM Transport Services was vicariously liable or that it negligently entrusted, hired, or trained Hudnall. (*See* Doc. No. 19). Plaintiff has not responded in opposition to Defendants' Motion for Summary Judgment in a timely manner and the time to do so has passed.

## II.   Legal Standards

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.   Analysis

#### A. Plaintiff's Lack of Response to Defendants' Motion for Summary Judgment

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge 21 days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

Defendants filed their Motion for Summary Judgment on November 23, 2022. (Doc. No. 19). Plaintiff has not responded to the motion and has not otherwise participated in the lawsuit since the case was removed in June of 2021. Accordingly, Plaintiff has failed to respond in a timely manner and 21 days have passed.

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). A non-movant's failure to respond to a motion for summary judgment does not entitle the movant to summary judgment. *Retzlaff v. de la Vina*, 606 F.Supp.2d 654, 656 (S.D. Tex. 2009) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Instead, a court may accept the movant's evidence as undisputed and may enter a judgment in the movant's favor if summary judgment evidence establishes a prima facie showing of the movant's entitlement to judgment. *Id.* Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendants'

Motion for Summary Judgment would be improper. Accordingly, the Court will address the merits of Defendants' arguments from its motion below.

### B. Plaintiff's Claims Against Hudnall and Respondeat Superior Claims Against KLLM

Defendants argue they are entitled to summary judgment because Plaintiff lacks evidence that Hudnall was involved in a motor vehicle accident on the date in question at all, much less that any of Hudnall's actions were the cause of her alleged injuries. (Doc. No. 19 at 3). According to Defendants, ample discovery has been conducted and the discovery period has since expired. (*Id.*). Defendants maintain that Plaintiffs have not offered any witnesses, produced a police report, offered anything more than her own allegations to support that a motor vehicle accident took place, or provided summary judgment evidence that Hudnall's vehicle sustained any damage. (*Id.*). Plaintiff did not respond to Defendants' Motion for Summary Judgment, so she has presented no evidence to the contrary.

The Court finds that Plaintiff has failed to raise a genuine issue of material fact that a motor vehicle accident took place at all, or that Hudnall was negligent during this alleged accident.. Moreover, given that Plaintiff did not respond to Defendants' Motion for Summary Judgment, she has effectively waived those arguments and failed to present any evidence raising an issue of material fact that the water on the floor was an unreasonably dangerous condition. *See Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (holding any claims not raised in response to a motion for summary judgment are waived).

Accordingly, the Court finds that Plaintiff lacks sufficient evidence to create a genuine dispute of material fact that a motor vehicle accident took place at all on the date in question and that Hudnall's actions were the cause of her alleged injuries and damages.

### C. Plaintiff's Direct Claims Against KLLM Transport Services

Defendants also argue that Plaintiff lacks evidence to create an issue of material fact that KLLM Transport Services negligently hired, trained, supervised, or retained Hudnall as a driver. Plaintiff did not respond to Defendants' Motion for Summary Judgment, so she has presented no evidence to the contrary.

To maintain a cause of action for any negligent hiring, supervision, and retention claim, a plaintiff must show the following: (1) the defendant had a duty to hire, supervise, and retain competent employees; (2) the defendant breached that duty; and (3) the defendant's breach of that duty proximately caused damages to the plaintiff. *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App.—Amarillo 2010, pet. denied). An employer is liable for negligent hiring, supervision, or retention when evidence is presented that the employer hired an incompetent or unfit employee whom it knew, or, by the exercise of reasonable care, should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Ft. Worth 2008, no pet.).

This Court finds that Plaintiff has failed to raise an issue of material fact that KLLM Transport Services negligently hired, trained, supervised, or retained Hudnall as a driver. This Court already found in the analysis above that Plaintiff failed to present any evidence to create an issue of material fact that Hudnall was negligent at all. Further, given that Plaintiff did not respond to Defendants Motion for Summary Judgment, she has waived this argument and failed to present any summary judgment evidence to create an issue of material fact. *See Kitchen*, 952 F.3d at 253.

Accordingly, this Court finds that Plaintiff lacks sufficient evidence to create a genuine dispute of material fact that KLLM Transport Services negligently hired, trained, supervised, or retained Hudnall as a driver.

## IV.   Conclusion

As previously discussed, Plaintiff fails to raise an issue of material fact that the alleged motor vehicle accident took place at all, that Hudnall was negligent or involved in the accident, and that KLLM Transport Services negligently hired, trained, supervised, or retained Hudnall as a driver.

Moreover, Plaintiff failed to respond to Defendants' Motion for Summary Judgment in a timely manner. Accordingly, Plaintiff has both waived these arguments and failed to bring forth sufficient summary judgment evidence to raise an issue of material fact on either a theory of liability, negligence, negligence per se, or vicarious liability under *respondeat superior*; therefore Defendants' Motion must be granted.

For the foregoing reasons, this Court hereby **GRANTS** Defendants' Motion for Summary Judgment (Doc. No. 19). This case is hereby dismissed with prejudice.

Signed at Houston, Texas, this 26th day of June, 2023.

Andrew S. Hanen
United States District Judge

6